UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-60195

MARNI LEDWITZ,

    Plaintiff,

v.

NADERPOUR & ASSOCIATES, P.A.
and WELLS FARGO BANK, N.A.,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and wrongful garnishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, MARNI LEDWITZ ("Ledwitz"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NADERPOUR & ASSOCIATES, P.A. ("Naderpour"), is a Florida professional association. Its principal place of business is 2743 Hollywood Blvd., Hollywood, FL 33020.

5. Naderpour regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Naderpour regularly collects or attempts to collect debts for other parties.

7. Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO"), is a national bank.

8. Naderpour was collecting a debt on behalf of Wells Fargo Bank, NA ("Wells Fargo").

9. Naderpour is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendants sought to collect from Plaintiff an alleged debt for a Wells Fargo credit card ("the debt").

11. The debt was incurred for personal, household, or family purpose.

12. Wells Fargo, through Naderpour, filed a state court action against Ledwitz for an alleged credit card debt.

13. On January 15, 2020, Defendants obtained a final judgment against Ledwitz.

14. On June 8, 2020, Defendants obtained a Writ of Garnishment, which was served on the Garnishee, MDLV, LLC, on July 7, 2020. The Garnishee did not answer. A copy of the state court docket is attached as Exhibit "A."

15. Fla. Stat. §77.055 states:

"Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service."

16. Fla. Stat. §77.055 required the notice to Ledwitz ("second notice") be served by first class mail on Ledwitz within five (5) business days.

17. Under the requirements of Fla. Stat. §77.055, Defendants should have mailed the notice to defendant to Plaintiff no later than July 28, 2020.

18. Defendants never mailed the second notice to Plaintiff. *See* Exhibit "A."

19. Plaintiff was required to retain legal counsel to move to dissolve the Writ of Garnishment based on Defendants' failure to comply with Fla. Stat. §77.055.

20. Prior to Plaintiff filing her Motion to Dissolve Continuing Writ of Garnishment, Defendants dissolved the Continuing Writ of Garnishment on October 13, 2020, two and one-half (2½) months late.

21. Defendants caused Plaintiff's income to be garnished for more than (2) months after its Continuing Writ of Garnishment should have been dissolved for its failure to serve the second notice under Florida law.

22. Defendants knew or should have known that as of July 28, 2020, that it failed to comply with the garnishment statutes.

23. In Florida, "[i]t is fundamental that garnishment statutes must be strictly construed." Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83, 86 (Fla. 3rd DCA 2013) (*citing* Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995.

24. Defendants caused the money that Plaintiff and her family desperately needed to be withheld from them for an additional two and one-half (2½) months.

25. Defendants acted in malice to harass and pressure Plaintiff in an effort to financially benefit themselves.

26. Plaintiff suffered damages as a result of Defendants' improper actions and seeks statutory, compensatory and punitive damages.

## COUNT I
## CONTINUING TO GARNISH WAGES IN VIOLATION OF 15 U.S.C. §1692f

27. Plaintiff incorporates Paragraphs 1 through 6 and 8 through 26.

28. Naderpour continued to cause MDLV, LLC to withhold Plaintiff's much needed income for two and one-half (2½) months after it failed to comply with Fla. Stat. §77.055, in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of them and against Naderpour for:

a. Actual and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL GARNISHMENT

29. Plaintiffs incorporate Paragraphs 1 through 26.

30. Defendants continued to garnish Plaintiff's bank account for an additional two and one-half (2½) months even after it knew or should have known that it failed to comply with Florida's garnishment statutes and did so with malice.

31. Defendants knowingly caused the Garnishee to withhold twenty-five percent (25%) of Plaintiff's wages for an additional two and one-half (2½) when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of her and against Defendants for:

a. Actual and punitive damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:    844-279-1112
service@debtshieldlaw.com
joel@debtshieldlaw.com


 */s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163